**Milovan Rajko UROSEVIC, aka Urosevic Milovan, aka Andrija Urosevic aka Milovan Urosevic, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73047

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 17, 2016 San Francisco, California

Filed October 24, 2016

David Arthur Jackson, Esquire, Attorney, Lawrence Kasten, Lewis Roca Ro-

---

thgerber Christie LLP, Phoenix, AZ, for Petitioner.

Milovan Rajko Urosevic, Pro Se.

Kiley L. Kane, Esquire, Senior Litigation Counsel, OIL, Robert Michael Stalzer, Trial Attorney, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

### MEMORANDUM *

Milovan Urosevic petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, to review the claim of due process violations, and do so de novo. Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Urosevic's constitutional argument is that the IJ deprived him of due process because the IJ did not give him a full and fair hearing and was biased against him. See Reyes–Melendez v. INS, 342 F.3d 1001, 1006 (9th Cir. 2003). The record does not reflect that the IJ was biased, and Urosevic fails to demonstrate prejudice. See Vilchez v. Holder, 682 F.3d 1195, 1199 (9th Cir. 2012) (requiring prejudice for a petitioner to prevail on a due process claim). The IJ did not err in admitting and considering evidence of Urosevic's arrests.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Paredes–Urrestarazu v. INS, 36 F.3d 801, 810 (9th Cir. 1994).

**PETITION FOR REVIEW IS DENIED.**